**Alvin JONES, Dolores Jones, James (Haim) Bicher, James (Haim) Bicher M.D., Inc., Plaintiffs–Appellants,**

v.

**LABORERS HEALTH & WELFARE TRUST FUND, Defendant–Appellee.**

No. 89–15677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1990.

Decided June 29, 1990.

Arlene Segal, Trembath, McCabe, Schwartz, Evans, Levy & Dawe, Concord, Cal., for plaintiffs-appellants.

Barry E. Hinkle, Christian L. Raisner, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for defendant-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

FARRIS, Circuit Judge:

Plaintiffs appeal the district court's grant of summary judgment against their claim that the Laborers Health & Welfare Trust Fund improperly denied them benefits. We affirm.

## BACKGROUND

Alvin Jones is a participant in an insurance plan that defendant Trust Fund provides. This dispute arose when the Trust Fund refused to pay for certain treatments for Jones's wife, who was suffering from breast cancer. The Trust Fund denied payment for these treatments—a regimen of hyperthermia—because they were "not medically necessary." The Trust Fund relied on the opinion of its medical consultant, Dr. White, who stated that hyperthermia was "experimental" and "not therapeutically effective." Jones presented the testimony of Dr. Bicher, the physician who prescribed the hyperthermia treatment. Bicher stated that the treatment was effective and that other insurance carriers pay for it. Jones appealed the Trust Fund's denial of benefits to the district court, which upheld the Trust Fund's decision. Jones now appeals the district court's decision.

## DISCUSSION

### A. Standard of Review

■ Plaintiffs argue that the district court relied on an improper standard of review in granting summary judgment. Traditionally, courts applied the "arbitrary and capricious" standard in reviewing denial of benefits by ERISA fiduciaries and administrators. *See, e.g., Jung v. FMC Corp.,* 755 F.2d 708, 711 (9th Cir.1985). However, in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989), the Supreme Court modified the standard of review and held that a challenge to a denial of benefits is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* 109 S.Ct. at 956. The "abuse of

discretion" standard applies where the administrator is given discretionary authority. *Id.*

The district court found that the Trust Fund had discretionary authority to interpret the Plan, and applied the "abuse of discretion" standard. We affirm that decision. Article IV, Section 5 of the Trust Agreement provides:

The Board of Trustees shall have power:

. . . . .

(K) to construe the provisions of this Trust Agreement and the Plan, and any such construction adopted by the Board in good faith shall be binding. . . .

This language indicates discretion requiring deferential review. *See Exbom v. Central States, Southeast and Southwest Areas Health & Welfare Fund,* 900 F.2d 1138, 1141 (7th Cir.1990) (construing similar "good faith" language). Because the Board of Trustees consists of both management and union employees, there is no conflict of interest to justify less deferential review. *See Firestone,* 109 S.Ct. at 956.

Plaintiffs argue that the district court "nullified" the abuse of discretion standard by equating it with the arbitrary and capricious standard formerly applied. Because the Trust Fund did not violate the applicable abuse of discretion standard, we need not determine how these two standards of review may differ.

### B. Plan Interpretation

■ Plaintiffs also argue that the Trust Fund abused its discretion by incorporating into the Plan an "experimental" medical practice exclusion which clearly conflicts with the plain language of the plan itself. *See Johnson v. Trustees of the Western Conference of Teamsters Pension Trust Fund,* 879 F.2d 651, 654 (9th Cir.1989). The record does not support plaintiffs' argument. The Board of Trustees found that hyperthermia was "not reasonably necessary for the care and treatment of the Petitioner's spouse." The Board relied on evidence that hyperthermia is not an effective treatment. There is no indication that the "experimental" characterization of the

treatment was a substantial consideration. Article X, Section 2 of the Plan excludes benefits for medical services "not reasonably necessary." Ineffectual treatments reasonably fall within this exclusion.

## C. Factual Findings

 Finally, plaintiffs argue that the Trust Fund erred by basing its decision on erroneous factual findings. In order to constitute an abuse of discretion a trustee's factual findings must be "clearly erroneous." *See Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289, 292 (9th Cir.1989). In making this determination we review only the evidence presented to the trustees. *Hicks v. Pacific Maritime Ass'n,* 567 F.2d 355, 358 (9th Cir.1978). The evidence of the effectiveness of hyperthermia was the testimony of Dr. Bicher, who attested to the willingness of Medicare and other insurers to pay for hyperthermia procedures, and AMA publications describing hyperthermia treatment as an "established medical practice." The Trust Fund medical consultant, Dr. White, testified that the procedure was "experimental," "not effective" and "not recommended by most radio therapists." The Trust Fund accepted the testimony of its medical consultant. To do so was not clearly erroneous; there was therefore no abuse of discretion.

The language of the collective bargaining agreement provides the means by which the Trust Fund operates. The parties negotiate a collective bargaining agreement. Its life is fixed by contract. If any provision proves unsatisfactory in practice, it can be changed through subsequent contract negotiation. We will not upset the review process the parties have bargained for, absent an abuse of discretion by the Board. We find no abuse of discretion.

AFFIRMED.