967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Minnie WISE, Plaintiff-Appellant,
v.
AT & T INFORMATION SYSTEMS SICKNESS AND ACCIDENT BENEFIT
PLAN; AT & T INFORMATION SYSTEMS PENSION PLAN; AT & T
INFORMATION SYSTEMS EMPLOYEE'S BENEFIT COMMITTEE, as
ADMINISTRATOR of the AT & T INFORMATION SYSTEMS SICKNESS and
ACCIDENT DISABILITY BENEFIT PLAN and PENSION PLAN,
Defendants-Appellees.
 No. 91-15173.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1992.
Decided June 10, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wise sued the AT & T Information Systems Sickness and Accident Disability Plan ("the Plan") and the AT & T Information Systems Employee's Benefit Committee ("the Committee"), which administered the Plan, under 29 U.S.C. § 1132(a)(1)(B). The Committee determined that Wise's psychological stress, which resulted from the breakup of AT & T and consequent transfers and demotion, was not an accidental injury under the Plan. Wise argued that the Committee abused its discretion in denying her request for accidental injury benefits. On cross motions for summary judgment, the district court determined that the Committee acted within its discretion in so interpreting the plan. We affirm.
 
 
 3
 Wise collected sickness disability payments under the Plan from January of 1985 to January of 1986, and was awarded workers' compensation benefits for back pain and psychiatric injury. She then applied for reclassification as a recipient of accident disability benefits. She would have been entitled to more liberal benefits for accidental injury than for sickness. The Committee denied her application.
 
 
 4
 We review a grant of summary judgment de novo, to determine whether any genuine issues of material fact exist and whether the district court correctly applied the governing law. Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d 1279, 1283 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 964 (1991). Wise concedes, as she must, that the Committee had discretionary authority to interpret the Plan. We therefore review the Committee's decision only for abuse of discretion, Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480, 481 (9th Cir.1990), which exists if its construction of the relevant provision clearly conflicts with the plain meaning of the instrument. Johnson v. Trustees of the Western Conference of Teamsters Pension Trust Fund, 879 F.2d 651, 654 (9th Cir.1989).[1]
 
 
 5
 Wise's argument is in substance that if her disability arose out of and in the course of her employment, then it was an abuse of discretion for the Committee to deny accident benefits. An employee may recover sickness disability benefits under the Plan for any injury other than an accidental injury arising out of and in the course of employment. An employee may recover accident disability benefits for any accidental injury arising out of and in the course of employment. The Plan states that:
 
 
 6
 [a]ccidental injuries shall be considered as arising out of and in the course of employment only where the injury has resulted solely from accident during and in direct connection with the performance of duties to which the employee is assigned in the service of the Company.... There must be a clear and well-established history of the cause and circumstances of injury accidentally inflicted, which (and they) must be sufficient to produce the alleged injury, and there must be satisfactory evidence that such injury renders the employee unable to perform his duty in the service of the Company.
 
 
 7
 Wise argues that illness without accident should qualify as accidental injury, so long as the disability arose in the course and scope of her work.
 
 
 8
 We agree with the district court that the Committee acted within the scope of its discretion in determining that the words "injury [which] has resulted solely from accident" do not support that construction. The term "accident" in ordinary usage means "an event occurring by chance or resulting from unknown causes," an "unfortunate event resulting from carelessness, unawareness, ignorance, or a combination of causes," Webster's New Collegiate Dictionary 7 (1977), or "an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event." Webster's New Int'l Dictionary 15 (2d ed. 1957). "Accident" would be an odd choice of words to describe the AT & T divestiture, and it would be odd usage to describe psychological stress resulting from the divestiture and consequential on-the-job changes as "injury [which] has resulted solely from accident." Wise does not dispute that the Committee's established practice was to refuse to grant accident disability payments for psychological stress unless an actual on-the-job accident caused the stress.
 
 
 9
 Must the plan necessarily treat all work-related illness as accidental injury, as Wise contends? We think the Committee has discretion to construe the plan otherwise. A person can get sick without injury or an accident, and can get injured in an accident without getting sick. In ordinary English usage, sickness means something different from accidental injury, even though sometimes an accidental injury may produce sickness. Perhaps from some point of view, the AT & T divestiture could be regarded as an accident, or stress resulting therefrom as an accidental injury, but the Committee did not abuse its discretion in rejecting this novel usage. We cannot say that the Committee's construction "clearly conflicts with the plain language of the plan." Johnson, 879 F.2d at 654.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Committee concedes that since the plan is self-funded, conflict of interest on its part "must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.' " Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (alteration in original) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)); Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 894 (9th Cir.1990). Since we hold that the Committee properly construed the Plan, we need not determine the weight to be accorded this factor