5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roger PERKINS; Stephanie Perkins, Plaintiffs-Appellants,
v.
VALLEY CLERK TRUST, Valley Clerks Health and Welfare Trust
Fund, Defendant-Appellee.
 No. 92-15471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1993.
Decided Aug. 16, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: SNEED, POOLE and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Roger and Stephanie Perkins appeal the district court's grant of summary judgment in favor of the Valley Clerks Health and Welfare Trust Fund ("Trust Fund"). The Perkinses had filed a suit under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. Sec. 1001 et seq., disputing the Trust Fund's determination their son Joey was not entitled to death benefits at the time of his death in September 1986. At that time Joey was employed by Safeway Stores, Inc. in Truckee, California. The Trust Fund determined Joey had not worked sixty-four hours during his first month of employment in June 1986, and thus did not become eligible for the Trust Fund's medical and death benefits until October 1, 1986, three weeks after his death.
 
 
 3
 We affirm the district court's grant of summary judgment.
 
 
 4
 * EXHAUSTION OF REMEDIES
 
 
 5
 As an initial matter, we must address appellee's argument that we should affirm the district court's grant of summary judgment on the grounds the Perkinses failed to exhaust their administrative remedies before filing this suit. The benefit plan provisions require a notice of death claim be filed within ninety days of the covered death. The plan also requires proof of death, e.g., a death certificate, be provided to the Trustees. Once a claim is finally denied, the plan provisions require that a request for review of a claim be filed within sixty days of receipt of the denial notice. Appellees maintain the Perkinses failed to fulfill these requirements and thus their ERISA claim is barred by a failure to exhaust administrative requirements. Amato v. Bernard, 618 F.2d 559, 566-68 (9th Cir.1980).
 
 
 6
 We decline to apply the exhaustion requirement for several reasons. Although this matter was argued by appellees before the district court, the court did not specifically rule on this matter. However, the court did examine the merits of the Perkins' claims and ruled against them in summary judgment. Although the court did not formally decide the exhaustion issue, its examination of the merits of this case leads us to conclude the court, for whatever reason, chose not to apply the exhaustion requirement to bar appellants' claims. The court may have tacitly decided this issue in the Perkins' favor or the court may have been merely exercising its discretionary authority to waive the exhaustion requirement. Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1416 (9th Cir.1991). In any event, this issue is not properly before this court, as appellees did not appeal from this aspect of the district court's decision, nor is there enough information in the record for this court to decide that issue sua sponte. Because we affirm the district court's grant of summary judgment on the other grounds articulated by the district court, we need not grapple with this issue.
 
 II
 SUMMARY JUDGMENT
 
 7
 Appellants first contend the district court erred in granting the Trust Fund's motion for summary judgment. We review de novo the district court's grant of summary judgment. Schneider v. TRW, Inc., 938 F.2d 986, 989 (9th Cir.1991). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id. "A party opposing a summary judgment motion must produce specific facts showing that there remains a genuine factual issue for trial and evidence 'significantly probative' as to any [material] fact claimed to be disputed." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (quotations omitted).
 
 
 8
 We generally review de novo a challenge to a denial of benefits under an ERISA plan. Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480, 481 (9th Cir.1990). However, we review such a denial for an abuse of discretion where " 'the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " Id. (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). We have reviewed the provisions of the Trust Agreement in this case and find that its provisions are nearly identical to the provisions of the plan reviewed by this court in Jones, in which the court found the language of the trust indicated discretionary authority and thus mandated discretionary review. Also, because the Board of Trustees of the Trust Fund consists of both management and union employees, there is no conflict of interest to justify less deferential review. Jones, 906 F.2d at 481. Therefore, we agree with the district court's application of the abuse of discretion standard.
 
 
 9
 The issue in this case is not, as appellants argue, whether there is any disputed issue of material fact that Joey Perkins worked the requisite sixty-four hours in June to become eligible for life insurance benefits on September 1, 1986. The issue instead is whether the Trust Fund abused its discretion in denying the appellants' death benefits in this case. " '[T]rustees abuse their discretion if they render decisions without any explanation, or construe provisions of the plan in a way that clearly conflicts with the plain language of the plan.' " Eley v. Boeing Co., 945 F.2d 276, 279 (9th Cir.1991) (quoting Johnson v. Trustees of the Western Conf. of Teamsters Pension Trust Fund, 879 F.2d 651, 654 (9th Cir.1989)). In order to constitute an abuse of discretion, the factual findings made by the Trust Fund in support of its decision must be clearly erroneous. Jones, 906 F.2d at 482.
 
 
 10
 Because Joey had been employed by Safeway for less than twelve months, he was covered by the eligibility provisions applicable to "new employees." These eligibility requirements for medical and death benefits under the Trust Fund read in relevant part:
 
 
 11
 After a new employee has been employed for one (1) month (of sixty-four (64) or more hours) the employee thereafter becomes eligible for benefits on the first day of the second month following any month in which the employee has worked sixty-four (64) or more hours. New employees are defined as employees who have not been eligible under this Plan in any of the last twelve (12) consecutive months.
 
 
 12
 EXAMPLE: If an employee works 64 hours in January and 64 hours in February, eligibility will commence on April 1, UNLESS the employee has left the industry.
 
 
 13
 Under the terms of the benefits provision, a new employee must work an initial sixty-four hour month. The employee must then work an additional sixty-four hour month, and thereafter becomes eligible on the first day of the second month following this additional month. It is undisputed Joey worked sixty-four hour months in July and August 1986. At issue is whether he worked the requisite sixty-four hours in June 1986, which would have made him eligible for benefits at the time of his death in September 1986.
 
 
 14
 The Trust Fund concluded Joey had not worked sixty-four hours in June, and thus was not eligible for benefits until October 1986. The evidence supports the district court's conclusion the Trust Fund did not abuse its discretion in reaching this determination. The Trust Fund determined Joey worked only thirty-nine hours in June 1986. This factual determination was not clearly erroneous. The Trust Fund examined payroll documents, time cards, and payroll stubs provided by Safeway, Joey's employer, which indicated he had not worked a sufficient number of hours in June. An employment form signed by Joey Perkins indicated an employment starting date with Safeway of June 23. Both Safeway and the Trust Fund checked and rechecked these documents at the Perkins' request several times over a three year period.
 
 
 15
 The Perkinses contest the Trust Fund's interpretation of the payroll documents and offer an alternative reading, which includes unsubstantiated allegations that Safeway intentionally maintained inaccurate employment records to conceal its allegedly illegal employment of Joey under the California Labor Code. Appellants also offered affidavits from individuals who recollected three years later that Joey had in fact been employed by Safeway prior to June 23. We cannot say the Trust Fund's rejection of these contentions and its determination, based on the employment and payroll records supplied by Safeway, that Joey Perkins did not work the necessary sixty-four hours during the month of June, was clearly erroneous.
 
 
 16
 Appellants also maintain the Trust Fund abused its discretion because it did not consider the affidavits and other extrinsic evidence offered by the Perkinses. These allegations are unsupported by any evidence. The case appellants rely on, Fogarty v. UMWA Health & Retirement Funds, 673 F.Supp. 1410, 1411 (W.D.Va.1987), is inapposite. The Fund in that case specifically ruled it would accept only documentary proof and not sworn testimony. In contrast, the Valley Clerk's Trust Fund has no such policy of excluding sworn testimony and has stated it considered the statements appellants provided. The Perkinses have offered no evidence which indicates the Fund did otherwise. We likewise reject appellants' unsubstantiated allegations the district court refused to consider this evidence.
 
 
 17
 The Trust Fund did not clearly err in determining Joey Perkins worked less than sixty-four hours in June 1986. The Trust Fund thus did not abuse its discretion in determining that, under the terms of the insurance coverage, Joey Perkins was not eligible for medical or death benefits at the time of his death in September 1986. Accordingly, the district court properly granted summary judgment in favor of the Trust Fund.
 
 III
 CONTRA PROFERENTEM
 
 18
 The Perkins argue that even if we uphold the Trust Fund's determination that Joey did not work the required hours in June, the language of the eligibility rules is ambiguous as to the date coverage starts and thus should be interpreted in the Perkins' favor. They urge us to apply the rule of "contra proferentem," which dictates that an ambiguous contract term should be interpreted against the party who drafted the ambiguous provision. Timms v. United States, 678 F.2d 831, 834 (9th Cir.), cert. denied, 459 U.S. 1086 (1989).
 
 
 19
 Before this rule can be applied, however, we must determine whether the terms of insurance eligibility are in fact ambiguous. Id. at 834 n. 2. Although the district court determined the policy language was unambiguous, we are not bound by this finding. We review de novo the legal question of the ambiguity of contract language. Aetna Casualty and Sur. Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991).
 
 
 20
 We agree with the district court and find the language of the benefits statement concerning the implementation of life insurance coverage to be unambiguous. The ambiguity supposedly exists because it is unclear whether the first month of sixty-four hour employment can also be the "any month in which the employee has worked sixty-four (64) or more hours," thereby enabling an employee to become eligible for benefits on the first day of the second month following the first month of sixty-four hours. The Perkinses contend that reading would mean Joey had become eligible for death benefits on September 1, five days before his death, because that would be the first day of the second month after he indisputably worked sixty-four hours in July. The Trust Fund interprets the above language to require a second sixty-four hour month, following which the employee becomes eligible on the second month. Such a reading would not make Joey eligible for benefits until October 1.
 
 
 21
 Even if we agreed with the Perkins' argument that this language is ambiguous and could be subject to two different readings, any such ambiguity is dispelled by the example immediately following the language quoted above: "If an employee works 64 hours in January and 64 hours in February, eligibility will commence on April 1, UNLESS the employee has left the industry." The example resolves any possible ambiguity and supports the Trust Fund's interpretation of the provision: as July was the first month in which Joey worked sixty-four hours, followed by a sixty-four hour month in August, eligibility would not have commenced until October 1, some three weeks after his death. "We will not artificially create ambiguity where none exists. If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1441 (9th Cir.1990) (quotations and citations omitted).
 
 
 22
 The district court did not err in determining the insurance provisions were not ambiguous. Because we find no ambiguity, we need not determine whether such ambiguity should be resolved in favor of the appellants under the rule of contra proferentem.
 
 IV
 REMAND FOR FURTHER DISCOVERY
 
 23
 We do not seriously entertain appellants' proposition that we remand this case solely for the purpose of allowing them an opportunity to conduct further discovery. If the Perkinses believed they did not have ample opportunity to conduct discovery before the court granted summary judgment, they should have requested additional time for discovery in the district court under Fed.R.Civ.P. 56(f). The Perkinses made no such request. A failure to file a proper or timely Rule 56(f) motion can result in a denial of the request for further discovery. Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986); Ashton-Tate Corp. v. Ross, 916 F.2d 516, 519-520 (9th Cir.1990). Moreover, " '[t]he movant cannot complain if it fails to pursue discovery diligently before summary judgment.' " Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988) (quoting Brae, 790 F.2d at 1443). Appellants candidly admit their counsel failed to conduct discovery and offer no explanation for this oversight. We note that appellants had ample time to conduct discovery. Beneficial, 851 F.2d at 277 (more than six months between defendants' appearances and grant of summary judgment more than sufficient to provide reasonable opportunities for discovery). Furthermore, "the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). Appellants have not indicated to this court what specific material information they hope to gain by further discovery. "The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed.R.Civ.P. 56(f)." Continental Maritime of San Francisco v. Pacific Coast Metal Trades Dist. Council, 817 F.2d 1391, 1395 (9th Cir.1987).
 
 
 24
 Appellants' failure not only to request a discovery extension under Rule 56(f) but apparent inability to state specifically before this court what material facts might be disclosed by additional discovery is more than, as appellants claim in their Reply Brief, a "mere procedural technicality" which prevents them "from having their day in court." The Perkinses had their day in court and ample opportunity to conduct discovery. Rule 56(f) is designed to allow a party to request additional discovery before the district court renders a decision, not to allow an appellate court to rectify the apparent ineptitude of trial counsel.
 
 V
 JUDICIAL BIAS
 
 25
 Appellants argue the district judge was somehow biased against them and that this bias influenced the court's decision to grant summary judgment. We need not consider such claims because they were not timely raised. The Perkinses have not shown good cause why they did not file an affidavit requesting the district judge to recuse himself under 28 U.S.C. Sec. 144, nor have they alleged exceptional circumstances why we should consider for the first time on appeal whether the trial judge should have disqualified himself under 28 U.S.C. Sec. 455. Weiss v. Sheet Metal Workers Local No. 544 Pension Trust, 719 F.2d 302, 304 (9th Cir.1983), cert. denied, 466 U.S. 972 (1984). The Perkinses have also failed to show it was plain error for the trial judge not to disqualify himself. Id.
 
 
 26
 In any event, these allegations are meritless. Recusal or disqualification of a judge is at issue when a reasonable person would conclude that the judge's impartiality might reasonably be questioned. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). Our review of the record does not lead us to believe Judge Garcia was biased against either the Perkins or ERISA cases in general. Furthermore, "[t]o warrant recusal, judicial bias must stem from an extrajudicial source." Taylor v. Regents of Univ. of California, 993 F.2d 710, 712 (9th Cir.1993). Appellants have made no allegations Judge Garcia was personally biased against them. Moreover, reversal based on judicial misconduct is warranted only if the proceeding was unfair. Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 465 (9th Cir.), cert. denied, 484 U.S. 853 (1987). We have determined the district court's summary judgment dismissal of the appellants' claims was entirely appropriate.
 
 
 27
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3