89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Etta JELINEK, Plaintiff-Appellant,
v.
HEWLETT-PACKARD CO., a California Corporation;
Hewlett-Packard Co., Deferred Profit-Sharing Plan;
Hewlett-Packard Company Employee
Benefits Organization Income
Protection Plan,
Defendants-Appellees.
 No. 95-35449.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided June 27, 1996.
 
 Before: LAY,** FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Etta Jelinek appeals the district court's grant of summary judgment in favor of the Hewlett-Packard Company Employee Benefits Organization Income Protection Plan. Jelinek challenges the district court's denial of her request for long-term disability benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §§ 1001-1461.
 
 I. Statement of the Case
 
 3
 Jelinek was employed by the Hewlett-Packard Company ("HP") as an electrician from September 1978 until she was terminated in March 1990. One of the benefits of Jelinek's employment with HP was the Hewlett-Packard Company Employee Benefits Organization Income Protection Plan ("the Plan"), a welfare benefit plan as defined by ERISA. The purpose of the Plan was to provide HP employees with income in the event of certain disabilities. Pursuant to a services contract, Voluntary Claims Administrators, Inc., ("the CA") served as the Plan's independent claims administrator.
 
 
 4
 The Plan allowed for both short-term disability benefits (limited to 39 weeks), and long-term disability benefits (beyond 39 weeks, up to age 65). To qualify for long-term disability benefits under the Plan, a claimant must be "totally disabled." The Plan defines "total disability" to mean that because of sickness or injury:
 
 
 5
 (i) During the first thirty nine (39) weeks following the onset of the injury or sickness, the Member is continuously unable to perform each and every duty of his or her Usual Occupation; and
 
 
 6
 (ii) After the initial thirty nine (39) week period, the Member is continuously unable to perform any occupation for which he or she is or may become qualified by reason of his or her education, training or experience.
 
 
 7
 (emphasis added). The plan further provides that,
 
 
 8
 [w]ith respect to any Total Disability caused or contributed by mental illness ... the following limitations shall apply:
 
 
 9
 (A) Mental Illness. During the period described in (ii) above, in the case of a disability resulting from a nervous or mental disorder, the Member shall be considered Totally Disabled only if he or she is confined to a hospital or other licensed long term care facility for the treatment of such disability or has been so confined for fourteen (14) or more consecutive days during the preceding three (3) months.... The limitations of this Paragraph (A) shall not apply to a Total Disability due to Alzheimers disease, multiple sclerosis, amyotrophic lateral sclerosis, traumatic brain injuries, or other organic, degenerative, progressive diseases as determined by the Claims Administrator.
 
 
 10
 (emphasis added).
 
 
 11
 In 1992, Jelinek applied for disability benefits under the Plan. The medical information submitted by Jelinek to the CA showed that she suffered from fibromyalgia, systematic lupus, and major depression. The CA granted Jelinek thirty-nine weeks of short-term disability benefits for the period from March 1990 through December 1990. However, the CA denied Jelinek's subsequent request for long-term disability benefits.
 
 
 12
 Jelinek brought suit in Idaho state court challenging the CA's denial of her request for long-term disability benefits. HP removed the case to federal court. On March 27, 1995, the district court ruled as follows: (1) it granted the Plan's motion for summary judgment; (2) denied Jelinek's motion for summary judgement; (3) granted the Plan's motion to quash the affidavit of Dr. Gibson; and (4) denied as moot the Plan's motions to quash Jelinek's supplementation of her expert witness disclosure, to quash the deposition of Dr. Rupp, and to exclude all other evidence not considered by the CA. Jelinek now appeals these rulings of the district court.
 
 II. Discussion
 A. Standard of Review
 
 13
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 B. Review of the CA's Denial of Benefits
 
 14
 Jelinek alleges for the first time on appeal that the district court erred in reviewing the CA's denial of her claim for an abuse of discretion. Jelinek argues that the CA's decision should have been reviewed de novo by the district court.
 
 
 15
 It is well-settled that claims may not be raised for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976) (holding that a federal appellate court should not consider an issue not passed on below unless injustice might otherwise result); United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985). Because Jelinek failed to raise the issue of de novo review at the district court level, we may not address this issue on appeal.[1]
 
 
 16
 Jelinek contends that despite her failure to raise this claim below, we should nonetheless address it on appeal because the case on which she relies, Atwood v. Newmont Gold Co., 45 F.3d 1317 (9th Cir.1995), announced a new rule of law and was handed down subsequent to final briefing at the district court level. However, the decision in Atwood did not announce a new rule of law, and does not provide support for de novo review of the CA's decision in the present case. Therefore, the district court did not err in reviewing the CA's decision for an abuse of discretion.
 
 C. The Scope of the District Court's Review
 
 17
 Jelinek alleges that the district court improperly limited the scope of its review to the administrative record. Jelinek argues that the district court should have allowed her to present additional evidence to refute the independent medical research of the CA.
 
 
 18
 This court has consistently held that the scope of review is very limited under the abuse of discretion standard. See Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480, 482 (9th Cir.1990) (holding that the abuse of discretion standard permits a district court to review only the evidence presented to the plan trustees). This principle was recently reaffirmed by this court in Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1471 (9th Cir.1993) (holding that it was inappropriate for the district court to examine evidence that was not part of the administrative record because based on the evidence that was in the administrative record, the CA did not abuse its discretion in terminating benefits). This court in Taft explained that if a district court were permitted to examine evidence outside of the administrative record, it "would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." Id. at 1472.
 
 
 19
 Therefore, because the CA's decision in the present case is reviewed for an abuse of discretion, the district court did not err in limiting the scope of its review to the materials considered by the CA.
 
 D. Clarification of Jelinek's Disability
 
 20
 Jelinek argues on appeal that the CA abused its discretion in failing to request clarification from Jelinek's treating physicians regarding the extent of her disability from lupus and depression.
 
 
 21
 It was not an abuse of discretion for the CA to render its decision without seeking clarification from Jelinek's physicians. Jelinek's treating physicians had already concluded that Jelinek's physical condition did not render her totally disabled from performing all occupations. Therefore, further clarification as to whether Jelinek was "totally disabled" was simply unnecessary.
 
 
 22
 Moreover, the Plan in the present case places the burden on the claimant to submit all evidence necessary to support a claim for benefits.[2] Therefore, the burden rested with Jelinek to present evidence in support of her claim for benefits. It was not the responsibility of the CA to seek further evidence regarding the extent of Jelinek's disability. The court in Sandoval v. Aetna Life and Casualty Ins. Co., 967 F.2d 377, 381 (10th Cir.1992), explained that:
 
 
 23
 If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence. Sandoval is not entitled to a second chance to prove his disability. The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, not in determining whether Sandoval was, in the district court's view, entitled to disability benefits. In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision.
 
 
 24
 In sum, the CA did not abuse its discretion in failing to seek clarification from Jelinek's physicians regarding the extent of her disability.
 
 
 25
 E. CA's Consideration of Matters Outside of the Record
 
 
 26
 Jelinek argues on appeal that the CA abused its discretion in considering materials outside of the administrative record in rendering its decision. Specifically, Jelinek alleges that the CA abused its discretion in consulting independent medical sources to clarify whether there was a correlation between Jelinek's physical ailments and her psychological problems.
 
 
 27
 Jelinek may not raise this claim on appeal because she failed to raise it below at the district court. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976) (holding that a federal appellate court should not consider an issue not passed on below unless injustice might otherwise result); United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 28
 F. Testimony of Vocational Rehabilitation Experts
 
 
 29
 Jelinek argues on appeal that the CA abused its discretion in failing to obtain the opinion of a vocational rehabilitation expert. In McKenzie v. General Tel. Co., 41 F.3d 1310, 1317 (9th Cir.1994), cert. denied, 115 S.Ct. 1697 (1995), we held that:
 
 
 30
 [C]onsideration of vocational evidence is unnecessary where the evidence in the administrative record supports the conclusion that the claimant does not have an impairment which would prevent him from performing some identifiable job. The plan administrator is not required in every case where the "any occupation" standard is applicable to collect vocational evidence in order to prove there are available occupations for the claimant.
 
 
 31
 The court, in McKenzie, concluded that there was substantial evidence in the record supporting the conclusion that McKenzie could perform other occupations, and therefore, vocational evidence was not necessary. Similarly, the administrative record in the present case indicates that Jelinek is not totally disabled. Therefore, the CA did not abuse its discretion in failing to obtain the opinion of a vocational expert.
 
 III. Conclusion
 
 32
 The decision of the district court is AFFIRMED. Both parties' requests for attorney's fees on appeal, pursuant to 29 U.S.C. § 1132(g)(1), are denied.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Not only did Jelinek fail to raise this issue below, she expressly conceded to the district court that abuse of discretion was the proper standard of review
 
 
 [2]
 The Plan provides that, "the Member shall be solely responsible for submitting the claim form and any other information or evidence on which the Member intends the Claims Administrator to consider in order to render a decision on the claim."