124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R. PARKER, Plaintiff-Appellant,
v.
EMPLOYERS HEALTH INSURANCE CO., Defendant-Appellee.
 No. 96-16781.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, Presiding
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William R. Parker appeals the district court's summary judgment in favor of Employer's Health Insurance Co. ("EHIC") in Parker's action seeking recovery of medical benefits for chelation therapy to treat lead poisoning pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 4
 Parker first contends that the district court erred in applying an abuse of discretion standard to its review of EHIC's decision to deny benefits for chelation therapy to Parker. More specifically, Parker contends that the Employer Group Application, which contained language on its first page conferring discretionary authority on the plan administrator, was not a plan document, and therefore the district court should have applied a de novo standard of review. This contention lacks merit.
 
 
 5
 "A determination that denies benefits under an ERISA plan is reviewed de novo by the district court unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " See Snow v. Standard Insurance Co., 87 F.3d 327, 331 (9th Cir.1996 (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). "If the plan administrator has the authority to determine benefits, that inherently confers discretion upon him." See id.
 
 
 6
 Here, the Employer Group Application was a plan document. It was the contractual document by which the plan was established and operated as between Parker's company and EHIC. See 29 U.S.C. § 1024(a)(1), (b)(4). The Application contained details about beneficiaries, source of financing, procedures for administering benefits, and procedures for amending the plan. See Cinelli v. Security Pacific Corp., 61 F.3d 1437, 1442 (9th Cir.1995) (setting forth requirements for a plan document). Further, Parker did not submit any probative evidence that he did not receive the first page of the Application, which contained the language granting EHIC discretion. Accordingly, there was no genuine issue of material fact regarding whether the first page was part of the document. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 Because the Employer Group Application was a plan document that conferred discretion on the plan administrator, the district court was correct in applying the deferential abuse of discretion standard to its review of EHIC's decision to deny benefits. See Firestone, 489 U.S. at 115; Snow, 89 F.3d at 331.
 
 
 8
 Parker next contends that EHIC's interpretation of the term "medically necessary" conflicts with the plain language of the plan. He also contends that EHIC made clearly erroneous findings of fact in denying Parker's claim for benefits. These contentions lack merit.
 
 
 9
 EHIC's interpretation of the term "medically necessary" was consistent with the plain language of the insurance policy. See Eley v. Boeing Co., 945 F.2d 276, 279 (9th Cir.1991); Jones v. Laborers' Health & Welfare Trust Fund, 906 F.2d 480, 481-82 (9th Cir.1990). Consistent with the criteria for "medically necessary" set out in the Certificate of Insurance, EHIC found that Parker's symptoms did not constitute a "sickness or bodily injury" for which chelation therapy was "known to be safe and effective by the majority of qualified practitioners". In reaching its conclusion, EHIC relied on Parker's medical records, its own medical consultant, an outside medical consultant, and widely accepted medical textbooks.[1] Thus, EHIC's findings that Parker did not suffer from acute or chronic lead poisoning, and that chelation therapy was not medically necessary, were not clearly erroneous. See Jones, 906 F.2d at 482. (holding that where there was conflicting testimony regarding effectiveness of medical treatment, plan administrator's reliance on its medical consultant was not clearly erroneous). Accordingly, we agree with the district court that EHIC did not abuse its discretion in denying Parker's medical payments for chelation therapy. See Eley, 945 F.2d at 279; Jones, 906 F.2d at 482.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Parker contends that there was a conflict of interest in that EHIC's medical director reviewed Parker's claim. This contention has no merit. See Snow, 87 F.3d at 331. Even though there may have been a formal conflict, there was no evidence that the medical director's position in the company impaired EHIC's decision. See id. at 331