Andrea HELM, Plaintiff—Appellant,

v.

SUN LIFE ASSURANCE OF CANADA, INC., a Delaware corporation, aka Sun Life Assurance Company of Canada, Inc., aka Sun Life Assurance of Canada Group, Defendant,

and

Sun Life Assurance Company of Canada, Inc., Defendant— Appellee.

No. 00–35876.

D.C. No. CV–00–00629–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided April 24, 2002.

Before ALARCÓN, and SILVERMAN, Circuit Judges, and BREWSTER,* Senior District Judge.

\* Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM **

Andrea Helm ("Helm") appeals from the order granting the motion for summary judgment filed by Sun Life Assurance Company of Canada, Inc. ("Sun Life") in her action to recover benefits under a group long-term disability policy issued by Sun Life to Helm's employer, Dexter & Chaney ("Dexter").

She contends that the district court erred in denying her motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and in reviewing Sun Life's decision to deny benefits under the abuse of discretion standard because Sun Life did not unambiguously retain the discretion to grant or deny benefits. She also asserts that the district court erred in concluding that Sun Life's denial of benefits was based on competent evidence. We affirm because we conclude that Helm failed to carry her burden for relief under Rule 56(f). We also hold that Sun Life unambiguously retained the discretion to grant or deny benefits by providing in the policy that the proof submitted by an employee of entitlement to benefits "must be satisfactory to us," and relied on competent evidence in rejecting Helm's claim. We also reject Helm's contention that reversal is warranted because the summary plan description did not refer to a standard of proof.

I

Helm contends that the district court improperly denied her motion for a continuance pursuant to Fed.R.Civ.P. 56(f). We review a district court's denial of a Rule 56(f) motion for abuse of discretion.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Martel v. County of Los Angeles,* 56 F.3d 993, 995 & n. 3 (9th Cir.1995).

Pursuant to Rule 56(f), a court may order a continuance where a party opposing a motion for summary judgment makes "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir.1986). In the instant matter, Helm failed to meet her burden under Rule 56(f). She failed to show why she could not have earlier obtained discovery of the additional facts she sought. *See Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 524 (9th Cir. 1989) (stating that "[a] movant cannot complain if it fails diligently to pursue discovery before summary judgment."). We therefore conclude that the district court did not abuse its discretion in denying Helm's Rule 56(f) motion.

## II

■ Helm also argues that the district court erred in reviewing Sun Life's denial of benefits for abuse of discretion. We review *de novo* Helm's " 'contention that the district court did not apply the proper standard of review.' " *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 993 (9th Cir.2000) (citation omitted).

The United States Supreme Court has held that "a denial of benefits challenged under ... [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). We recently specified in *Kearney v. Standard Insurance Co.* that "district courts must review claims *de novo* unless the discretion to grant or deny

claims is 'unambiguously retained' by a plan administrator or fiduciary." *Thomas,* 228 F.3d at 994 (citing *Kearney v. Standard Insurance Co.,* 175 F.3d 1084, 1090 (9th Cir.1999)). In *Kearney,* the policy at issue conditioned payment of benefits on the "receipt of satisfactory written proof" of disability. *Id.* We concluded that this policy language was "ambiguous because it is susceptible of at least three interpretations, two of which would *not* confer absolute discretion on the administrator or fiduciary." *Id.* (citing *Kearney,* 175 F.3d at 1089–90). Because the discretion to grant or deny claims was not unambiguously retained by the plan administrator or fiduciary, we concluded that *de novo* review by the district court was appropriate. *Kearney,* 175 F.3d at 1090. We have since noted that

> before *Kearney,* we had never said that a clause requiring "satisfactory proof" was insufficient to confer discretion, or that language to this effect, together with language relating to the claims procedure and determination of continuation or termination of benefits, was insufficient to grant the discretionary authority necessary for invoking an abuse of discretion standard.

*Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1204 (9th Cir.2000).

In the wake of *Kearney,* actions to recover benefits have predictably turned on whether specific policy language unambiguously retains discretion in the plan to grant or deny claims. *See Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations,* 244 F.3d 1109, 1113 (9th Cir.2001) (holding that "[r]eciting the terms of ERISA cannot confer discretion."); *Sandy,* 222 F.3d at 1203–04 (concluding that policy language requiring a participant to " 'submit satisfactory proof of total disability' to the Plan

administrator" also "does not unambiguously confer discretion."); *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir.2000) (holding that a policy stating that the plan administrator had the "sole discretion to interpret the terms of the plan and that those interpretations shall be conclusive and binding" made "sufficiently clear" the "reservation of discretion to the [p]lan [a]dministrator . . . to overcome the presumption in favor of de novo review."); *Newcomb v. Standard Ins. Co.*, 187 F.3d 1004, 1006 (9th Cir.1999) (holding that a policy provision referring to a plan's ability to "obtain the records and information needed to determine [the claimant's] eligibility" does not resolve the ambiguity embodied in a provision requiring "satisfactory written proof of the claimed loss.").

Here, the Policy provides that long-term disability benefits will be paid upon Sun Life's receipt of "written proof," and "[t]he proof, which must be satisfactory to us, is to be given to us at our Office." The Policy also states that proof in connection with the terms or benefits of the Policy may be required, and "[i]f proof is required, we must be provided with such evidence satisfactory to us as we may reasonably require under the circumstances." Helm argues that the phrases "to us" and "reasonably require" render ambiguous any grant of discretionary authority to Sun Life; therefore, the district court should have reviewed Sun Life's denial of benefits *de novo.* Helm also argues that the term "us" is ambiguous.

We conclude that the Policy in the instant case unambiguously provides that the plan administrator has the discretion to grant or deny claims. First, a review of the Policy shows that "us" refers to the plan provider, Sun Life. The policy requires that "proof, which must be satisfactory to us, is to be given to us at our Office." The policy defines "Office" as

"Our office at One Sun Life Executive Park, Wellesley Hills, Massachusetts 02181." The term "us" is therefore not ambiguous. Second, we agree with Sun Life that the provision, "we must be provided with such evidence satisfactory to us as we may reasonably require under the circumstances" indeed "dictates that the administrator's *requiring of evidence* must be objectively reasonable, not that the administrator's *satisfaction* with the claimant's proof must be." The phrase "reasonably require" does not limit the administrator's discretion to determine subjectively whether the claimant's proof is adequate. Third, the phrase, "proof, which must be satisfactory to us" also unambiguously confers discretion to the plan administrator. We suggested as much in *Thomas.* 228 F.3d at 994. In *Thomas,* we held that the provision "benefits will be paid only upon submission of 'satisfactory proof of Total Disability to us' " was insufficient to grant the discretionary authority necessary for invoking an abuse of discretion standard. *Id.* We held that the language was insufficient because it was "unclear what the phrase 'to us' is intended to modify." *Id.* In so holding, we noted that one interpretation, that "proof 'satisfactory' (to a reasonable person) must be submitted 'to us,' " does not grant discretion. *Id.* But we also noted that if the provision were interpreted the other way, "that the submitted proof must be 'satisfactory to us,' " the way in which the Policy in the instant case is written, the provision arguably would confer discretion. *Id.* In the instant case, "to us" clearly modifies "satisfactory." We therefore conclude that the Policy in the instant case unambiguously retains in the plan administrator the discretion to grant or deny claims.

### III

■ Helm's second argument regarding the standard of review also lacks merit.

She contends that the district court erred in reviewing Sun Life's denial of benefits for abuse of discretion because the summary plan description she received does not refer to standards of proof. To support her argument, she cites the Sixth Circuit's decision in *Edwards v. State Farm Mutual Automobile Insurance Co.* 851 F.2d 134, 136–37 (6th Cir.1988). In *Edwards,* a plan participant relied on an eligibility standard in the summary plan description that conflicted with the eligibility standard in the full policy. *Id.* The Sixth Circuit held that, in the face of this conflict, the summary plan description controlled. *Id.* Helm has pointed to a lack of standards of proof in the summary plan description. In pointing to this omission, Helm has not, however, pointed to conflict between the summary plan description and the Policy. Moreover, Helm has not shown that the omission of standards of proof in the summary plan description means that the summary plan description failed to explain the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." *See Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1321 (9th Cir.1995) (citation omitted) (holding that where the summary plan description fails to meet this requirement and differs materially from the terms of the plan, the summary plan description is controlling). The district court therefore did not err in reviewing Sun Life's denial of Helm's application for benefits for abuse of discretion.

## IV

■ Helm contends that even under an abuse of discretion standard, Sun Life's denial of "Helm's disability claim was unreasonable and not supported by competent evidence." A district court's grant of summary judgment is reviewed *de novo. Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"[I]t is an abuse of discretion for ERISA plan administrators to render decisions without any explanation, or to construe provisions of the plan in a way that conflicts with the plain language of the plan." *Bendixen v. Standard Ins. Co.,* 185 F.3d 939, 944 (citing *Eley v. Boeing Co.,* 945 F.2d 276, 279 (9th Cir.1991)). "[A]n administrator also abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations." *Id.* (quoting *Taft v. Equitable Life Assurance Soc'y & Welfare Trust Fund,* 9 F.3d 1469, 1473 (9th Cir.1993)). "We will uphold the decision of the district court if it is based upon a reasonable interpretation of the plan's terms and was made in good faith." *Id.* (citations omitted).

In the instant case, every time Sun Life denied benefits or affirmed its decision to deny benefits, it provided Helm with a letter setting forth the basis for its action. Additionally, Helm has presented no evidence to show that Sun Life's construction of the Policy's provisions was inconsistent with the Policy's plain language.

There is similarly no evidence in the record to suggest that Sun Life relied on clearly erroneous findings of fact in denying Helm long-term disability benefits. Sun Life denied benefits because the three independent medical experts it designated concluded that Helm was not in a continued state of incapacity through the elimination period. They based their opinions on the notes of Helm's treating physicians. Kathy L. Principi, M.D. ("Dr.Principi") noted improvements in Helm's condition from March 18, 1996 through July 17, 1996, at which time Dr. Principi released Helm to work full-time. One of the designated independent medical experts, Earl F. Hoerner, M.D., based his conclusion in part on the notes of Paul B. Brown, M.D.

("Dr.Brown"), who put Helm in an extensive physical activity program, thereby indicating that Helm was "functional and able to participate in and carry out activities." Moreover, the experts found that there was no objective medical evidence to support full-time disability or any medical pathology for Helm. The existence of contradictory evidence in the record, such as Kevin Hanson, P.T.'s opinion that Helm should reduce her work schedule as of March 11, 1996 and Dr. Brown's conclusion that Helm was disabled as of December 1996, does not demonstrate that Sun Life abused its discretion in denying benefits. *See Taft*, 9 F.3d at 1473 (stating that "[i]n the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion."). Indeed, it appears that Sun Life did not abuse its discretion here because Dr. Brown's conclusion that Helm was disabled was not supported by objective medical evidence. Additionally, his conclusion was contradicted at least in part by his own prescription for an extensive physical activity program.

V

Helm also contends that the district court improperly granted Sun Life's motion to strike her declaration and attached exhibits. Her declaration and its attachments were filed in support of her cross-motion for summary judgment. We review for abuse of discretion a district court's decision to strike a declaration and attached exhibits. *Maffei v. Northern Ins. Co. of N.Y.*, 12 F.3d 892, 897 (9th Cir.1993).

The district court properly struck the declaration and the attached exhibits because the documents contained allegations and exhibits that were not a part of the administrative record. "[T]he abuse of discretion standard permits the district court to 'review only the evidence present-

ed to the [plan] trustees.' " *Taft*, 9 F.3d at 1471 (citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir.1990)). There is one exception to this rule. Evidence outside the administrative record "may be considered to determine if a plan administrator's decision was affected by its conflict of interest." *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 977 (9th Cir.1999). No evidence of a conflict of interest was presented in Helm's declaration or the attachments.

VI

The district court's judgment is AFFIRMED.